Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York  10178
(212) 309-6000
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
| | |
|---|---|
| MADELINE PICHARDO, | : **ELECTRONICALLY FILED** |
| | : |
| Plaintiff, | : 07 CV 6630 (LTS) (MHD) |
| | : |
| - against - | : |
| | : **ANSWER** |
| SANFORD BROWN INSTITUTE/ | : |
| CAREER EDUCATION CORP., | : |
| | : |
| Defendant. | : |

-------------------------------------------------------x

Defendant Sanford Brown Institute, incorrectly identified in the Complaint as "Sanford Brown Institute/Career Education Corp." (hereinafter, "Defendant" or "SBI"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint of Plaintiff Madeline Pichardo ("Plaintiff") as follows:

1.  Except to admit that Plaintiff purports to bring an action against Defendant for the alleged violation of her civil rights, Defendant denies the allegations contained in Paragraph One of the Verified Complaint and specifically denies that it violated Plaintiff's constitutional rights, civil rights or any other legally protected rights.

2.  Except to admit that Plaintiff seeks damages under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and the New York Human Rights Law, N.Y. Exec. L. §§ 290-301 ("NYHRL"), Defendant denies the allegations contained in

Paragraph Two of the Verified Complaint and specifically denies that it violated the ADA, the NYHRL or any other federal, state or local laws, statutes or regulations.

    3.    Defendant denies the allegations contained in Paragraph Three of the Verified Complaint.

    4.    Defendant avers that the allegations contained in Paragraph Four of the Verified Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant 28 U.S.C. § 1331, 1343 and 1367.

    5.    Except to admit that Plaintiff purports to assert venue in the United States District Court for the Southern District of New York, Defendant denies the allegations contained in Paragraph Five of the Verified Complaint and specifically denies that it engaged in any unlawful conduct.

    6.    Defendant avers that the allegations contained in Paragraph Six of the Verified Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), that Plaintiff requested the charge be dual filed with the NYSDHR, and that the EEOC issued a Notice of Right to Sue.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph Six of the Verified Complaint.

    7.    Except to aver that Defendant lacks knowledge or information sufficient to form a belief as to where Plaintiff resides, Defendant admits the allegations contained in Paragraph Seven of the Verified Complaint.

8. Defendant avers that the allegations contained in Paragraph Eight of the Verified complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits the allegations contained in Paragraph Eight of the Verified Complaint.

9. Defendant repeats and realleges its answers to Paragraphs One through Eight of the Verified Complaint as if set forth fully herein.

10. Defendant admits the allegations contained in Paragraph Ten of the Verified Complaint.

11. Defendant denies the allegations contained in Paragraph Eleven of the Verified Complaint.

12. Except to admit that Lilith Lynch was Plaintiff's supervisor from approximately June 2003 through the end of her employment, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve of the Verified Complaint.

13. Except to admit that Plaintiff informed Defendant that, due to a non-work related accident, she sustained injuries and needed time off work, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirteen of the Verified Complaint.

14. Defendant admits the allegations contained in Paragraph Fourteen of the Verified Complaint.

15. Except to admit that Plaintiff applied for and received short-term and long-term disability benefits from Unum Providence Insurance, Defendant's disability insurance carrier,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifteen of the Verified Complaint.

16. Defendant denies the allegations contained in Paragraph Sixteen of the Verified Complaint.

17. Defendant denies the allegations contained in Paragraph Seventeen of the Verified Complaint.

18. Defendant denies the allegations contained in Paragraph Eighteen of the Verified Complaint.

19. Except to admit that Defendant could not reinstate Plaintiff to her prior position after a 13 month leave, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen of the Verified Complaint.

20. Defendant denies the allegations contained in Paragraph Twenty of the Verified Complaint.

21. Except to aver that it lacks knowledge or information sufficient to form a belief as to when Plaintiff received the termination letter, Defendant admits the allegations contained in Paragraph Twenty-One of the Verified Complaint.

22. Defendant admits the allegations contained in Paragraph Twenty-Two of the Verified Complaint.

23. Defendant admits the allegations contained in Paragraph Twenty-Three of the Verified Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Four of the Verified Complaint.

25. Defendant repeats and realleges its answers to Paragraphs One through Twenty-Four of the Verified Complaint as if set forth fully herein.

26. Defendant denies the allegations contained in Paragraph Twenty-Six of the Verified Complaint.

27. Defendant denies the allegations contained in Paragraph Twenty-Seven of the Verified Complaint.

28. Defendant repeats and realleges its answers to Paragraphs One through Twenty-Seven of the Verified Complaint as if set forth fully herein.

29. Defendant denies the allegations contained in Paragraph Twenty-Nine of the Verified Complaint.

30. Defendant denies the allegations contained in Paragraph Thirty of the Verified Complaint.

31. Defendant denies that plaintiff is entitled to any damages or relief in this matter, including without limitation any damages set forth in Plaintiff's "Prayer For Relief."

32. Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability within the meaning of the Americans with Disabilities Act and/or the New York State Human Rights Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

All of Defendant's actions toward Plaintiff were based upon legitimate, non-discriminatory business reasons.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages under the Americans with Disabilities Act because, at all relevant times, Defendant made a good faith effort to comply with all applicable anti-discrimination statutes.

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Defendant demands judgment as follows:

    A.    Dismissing Plaintiff's Complaint in its entirety;

    B.    Granting Defendant its costs, disbursements, and attorneys' fees incurred in defending against this action; and

    C.    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
        August 27, 2007

        MORGAN, LEWIS & BOCKIUS LLP

        By:    **/s/ Jennifer Hein**
                Jennifer Hein (JH-3393)
                Amber L. Kagan

                101 Park Avenue
                New York, New York 10178
                (212) 309-6000

                ATTORNEYS FOR DEFENDANT
                SANFORD BROWN INSTITUTE

## CERTIFICATE OF SERVICE

       I hereby certify that I caused to be served a true and correct copy of Defendant's Answer and Rule 7.1 Disclosure Statement via electronic filing, on this 27th day of August 2007, on:

Paul Cisternino (PC-0317)
Law Office of Paul Cisternino, P.C.
16 Briarbrook Road
New York, New York 10178

Attorney for Plaintiff Madeline Pichardo

I affirm that the foregoing statements are true, under penalty of perjury.


                        **/s/ Jennifer Hein**